# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FORTUNE BRANDS,**
**Employer Below, Petitioner**

**FILED**

April 26, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0274** (BOR Appeal No. 2050772)
(Claim No. 2011010941)

**MYLINDA L. KIMBALL-SHEPHERD,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Fortune Brands, by Aimee M. Stern and Denise D. Pentino, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mylinda L. Kimball-Shepherd, by George Zivkovich, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2016, in which the Board reversed an August 21, 2015, Order of the Workers' Compensation Office of Judges and granted a 10% permanent partial disability award. In its Order, the Office of Judges affirmed the claims administrator's December 19, 2013, decision which granted a 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon material misstatements or mischaracterizations of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Kimball-Shepherd, a lead quality assurance technician, was injured in the course of her employment on September 13, 2010, when she was struck by a fork truck. The claim was held compensable for sacroilitis, sciatica, contusion of the buttocks, thoracic sprain/strain, lumbar sprain/strain, right hip strain, and right leg contusion. A lumbar MRI taken on April 22, 2011, showed a mild, diffuse central L5-S1 disc protrusion. There was no significant foraminal narrowing.

P. Kent Thrush, M.D., performed an independent medical evaluation on June 10, 2011, in which he found Ms. Kimball-Shepherd was at maximum medical improvement and required no further treatment. He stated that the vast majority of lumbar sprains/strains resolve in three to six months but occasionally, subjective pain lasts beyond the normal healing time. The reason for this is unclear but it appears Ms. Kimball-Shepherd falls into that category. Dr. Thrush found that her MRI was consistent with her age. He noted that she was capable of returning to her prior work schedule.

Ms. Kimball-Shepherd was treated by Teresita deJosef, M.D., between November of 2011 and February of 2013. She indicated that she diagnosed a soft tissue injury on November 28, 2011. On January 13, 2012, it was noted that Ms. Kimball-Shepherd saw Rammy Gold, M.D., for an EMG, and Dr. Gold suggested pain management injections in the hip and a spine infusion after the injections. On August 20, 2012, a note indicates she had a series of cortisone shots which did not help. Ms. Kimball-Shepherd refused surgery because the pain was in her hip, not her back.

Ms. Kimball-Shepherd was treated at PARS Neurosurgical Associates from January 12, 2012, through July 3, 2012. On January 12, 2012, a history and physical were performed by Sheena Geer, FNP, BC. She stated that Dr. Gold felt that the degenerative disc at L5-S1 was the cause of Ms. Kimball-Shepherd's pain and recommended the PARS pain clinic consultation for evaluation and treatment. The diagnoses were listed as degeneration of lumbar disc and lumbosacral neuritis/radiculopathy. On April 23, 2012, an EMG was normal. A progress note dated Mary 3, 2012, indicated Ms. Kimball-Shepherd reported lower back and right hip pain. She was referred to the pain clinic. An MRI taken on August 23, 2012, of the right hip was normal and there was no evidence of lumbar disc herniation.

In a functional capacity evaluation by First Settlement Physical Therapy on September 17, 2012, it was determined that Ms. Kimball-Shepherd's self-reported problems and physical limitations were only partially substantiated by objective findings. She did seem to have underlying legitimate right hip pain. She reported no back pain but was self-limiting with several inconsistent measurements when distracted.

Sushil Sethi, M.D., performed an independent medical evaluation on October 10, 2013, in which he found that Ms. Kimball-Shepherd's conditions had stabilized and she had reached maximum medical improvement. He stated that multiple investigations as well as MRIs had been negative for the lumbar area and a right hip MRI was normal. He also noted that his examination that day was completely normal for the right hip. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Sethi found 0% right hip impairment. For the lumbar spine, he assessed 5% impairment. He placed Ms. Kimball-Shepherd in Lumbar Category II from West Virginia Code of State Rules § 85-20-C (2006). For the thoracic spine, he found 0% impairment. His total, combined rating was therefore 5% impairment. In an addendum, Dr. Sethi stated that he reviewed the entire medical record as well as his prior examination. He reiterated that he found Ms. Kimball-Shepherd's conditions had stabilized and she had reached maximum medical improvement. He said that his evaluation

found no residuals of sciatica. The sacroilitis had also resolved. He confirmed his assessment of 5% impairment. Based on his evaluation, the claims administrator granted a 5% permanent partial disability award on December 19, 2013.

Bruce Guberman, M.D., performed an independent medical evaluation on September 25, 2014, in which he diagnosed chronic post-traumatic lumbar strain, disc protrusion at L5-S1, resolved thoracic sprain, and status post right hip contusion. Dr. Guberman found Ms. Kimball-Shepherd had reached maximum medical improvement for the conditions. He recommended she be referred to a pain clinic because ongoing medical management would be necessary. Dr. Guberman assessed 0% thoracic spine impairment. For the lumbar spine he found 10% impairment using the American Medical Association's *Guides* and placed Ms. Kimball-Shepherd in Category II of West Virginia Code of State Rules § 85-20-C. He adjusted the impairment to 8%. Dr. Guberman explained that he placed Ms. Kimball-Shepherd in Category II for the lumbar spine because she had a lumbar sprain/strain and a disc protrusion. He stated that Ms. Kimball-Shepherd had symptoms strongly suggestive of right sided lumbar radiculopathy but did not meet the criteria for Category III. For the right hip, he assessed 2% impairment. His total assessment was 10% whole person impairment.

The Office of Judges affirmed the claims administrator's grant of a 5% permanent partial disability award in its August 21, 2015, Order. It found that both Drs. Sethi and Guberman found Ms. Kimball-Shepherd was at maximum medical improvement. Dr. Sethi found 0% WPI for the right hip and 5% for the lumbar spine whereas Dr. Guberman found 2% for the right hip and 8% for the lumbar spine. The Office of Judges noted that Fortune Brands argued before it that Dr. Guberman's report is not reliable. It asserted that Dr. Guberman included a non-compensable lumbar disc protrusion in his lumbar spine assessment. It further argued that the 2% impairment for the right hip was unwarranted as the right hip MRI was normal and there was no other objective evidence to support the right hip complains. The Office of Judges ultimately agreed with Fortune Brands and found that Dr. Sethi's report was more reliable than that of Dr. Guberman.

The Board of Review reversed the Office of Judges' Order and granted a 10% permanent partial disabilty award on February 25, 2016. The Board of Review found that Dr. Guberman set forth objective findings and made specific Table citations from the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20. It determined his report was relevant, credible, material, and reliable.

After review, we agree with the reasoning and conclusions of the Office of Judges. The Office of Judges correctly found that Dr. Sethi's independent medical evaluation was more reliable than that of Dr. Guberman. Both physicians correctly used the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20. However, Dr. Guberman's lumbar impairment rating included a non-compensable condition as he said in his report that his rating was based on a lumbar sprain/strain and a disc protrusion. No such disc protrusion has been held compensable in the claim. Additionally, Dr. Sethi was correct that the right hip MRI was normal and there are no objective findings to support Ms. Kimball-Shepherd's complaints of right hip pain.

For the foregoing reasons, we find that the decision of the Board of Review is based upon material misstatements or mischaracterizations of the evidentiary record. Therefore, the decision is reversed and remanded with instructions to reinstate the August 21, 2015, Office of Judges' Order.

Reversed and remanded.

**ISSUED: April 26, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker